**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **CHRISTOPHER R. CALHOUN,** ) | |
| **#614919,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 3:07-CV-0077-B |
| ) | ECF |
| **NATHANIEL QUARTERMAN,** ) | |
| **Director, Texas Department of Criminal,** ) | |
| **Justice, Correctional Institutions Division**) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently incarcerated at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) in Lvingston, Texas. Respondent is the Director of TDCJ-CID. The Court did not issue process in this case, pending preliminary screening.

Statement of Case: Following his plea of not guilty, a jury convicted Petitioner of murder in Criminal District Court No. 4 of Dallas County, Texas, in Cause No. F91-

29967-QK.  Punishment was assessed at fifty years imprisonment.  The Court of Appeals affirmed his conviction and sentence.  *See Calhoun v. State*, No. 05-92-01117-CR (Tex. App. -- Dallas, Dec. 29, 1993, pet. ref.).  On June 15, 1994, the Texas Court of Criminal Appeals (TCCA) refused his petition for discretionary review.  No. PD-0422-94, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=101516.

Thereafter, on February 16, 2006, Petitioner sought state habeas relief pursuant to art. 11.07, Texas Code of Criminal Procedure.  *See* Attachment I, Judicial Information for No. W91-29967-A.  On March 9, 2006, the TCCA denied the state writ without written order.  *See Ex parte Calhoun*, WR-64-334-01, http://www.cca.courts.state.tx.us/opinions /Case.asp?FilingID=241757.

In this federal petition, filed on January 11, 2007, Petitioner raises four grounds for relief.  He alleges that the trial court lacked subject matter jurisdiction to prosecute him because the "statute charged against Petitioner is and was unconstitutional."  (Pet. at 7-8).[1]

Findings and Conclusions:   The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief.  *See* 28 U.S.C. § 2244(d).  The District Court may raise the affirmative defense of the statute of limitations *sua sponte*.  *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999); *see also Day v. McDonough*, 547 U.S. 198, ___,126 S.Ct. 1675,

---

[1] For purposes of this recommendation, the petition is deemed filed on January 9, 2007, the date Petitioner signed it and presumably placed it in the prison mail. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

1684 (2006) (district courts are permitted, but not obliged, to consider, *sua sponte,* the timeliness of a state prisoner's habeas petition in process issued cases).[2]

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final. Thus, the Court will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of

---

[2]     On February 9, 2007, the Court issued an order to show cause, advising Petitioner of the one-year statute of limitations and granting him an opportunity to explain why his case was not barred by the limitations period or why the statute of limitations should be tolled on equitable grounds. Petitioner filed his response to the Court's show cause order on March 7, 2007.

direct review or upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner's conviction became final for purposes of the one-year period on September 13, 1994, ninety days after the TCCA refused his petition for discretionary review. *See* Sup. Ct. R. 13.1, 13.3 (2007); *Clay v. United States*, 537 U.S. 522, 528 n. 3 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000). Because the above date preceded the enactment of the AEDPA, Petitioner had a one-year grace period, from April 25, 1996, through April 24, 1997, within which to seek habeas corpus relief. *See Flanagan v. Johnson*, 154 F.3d 196, 199-200 n.2 and 202 (5th Cir. 1998) (citing *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998)).

Petitioner did not file this federal habeas petition until January 9, 2007, more than nine and one-half years after the running of the one-year grace period. Although 28 U.S.C. § 2244(d)(2) tolls the limitation period during the pendency of state habeas proceedings, the state habeas application was not pending in state court during the one-year grace period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). As noted above, the art. 11.07 application was not filed until February 16, 2006, almost nine years after the one-year grace period had expired. Therefore, the federal petition is clearly time barred absent equitable tolling.

In response to the order to show cause, Petitioner does not address the untimeliness of his federal petition or request equitable tolling of the limitations period. He merely reiterates the grounds raised in his federal petition – namely that the trial court lacked jurisdiction to prosecute him. Such a claim cannot be considered unless Petitioner can first establish that he is entitled to equitable tolling of the limitations period.

4

Even when liberally construed in accordance with his *pro se* status, Plaintiff's pleadings do not establish that he pursued his rights diligently, or that some extraordinary circumstance prevented the timely filing of his petition. *See Lawrence v. Florida*, ___ U.S. ___, 127 S.Ct. 1079, 1085 (2007) (to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing). Petitioner delayed the filing of his art. 11.07 application by more than nine years after the one-year grace period elapsed. Petitioner also delayed the filing of his federal petition by almost nine months after the state court denied his state petition. Petitioner provides no explanation for the above delays, which appear to have been of his own making. Such unexplained delays do not make the circumstances of this case extraordinary enough to qualify for equitable tolling. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (unexplained six-month delay after the state court denied the state petition rendered the circumstances of that case "not extraordinary enough to qualify for equitable tolling under § 2244(d)(1)"); *Basalo v. Cockrell*, 2003 WL 21653864, *4 -5 (N.D. Tex., Jul. 21, 2003) (3:02cv596-H) (unexplained delay of eleven months between the date the conviction became final and the date of filing of the state habeas petition did not warrant equitable tolling), findings, conclusions and recommendation adopted (N.D. Tex., Aug. 1, 2003). "[E]quity is not intended for those who sleep on their rights. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). Therefore, Petitioner is not entitled to equitable tolling.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition be DISMISSED with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d).

A copy of this recommendation will be transmitted to Petitioner.

Signed this 10th day of May, 2007.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE


NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENT I**